UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SNELLING EMPLOYMENT, LLC, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | |
| DOC JOHNSON ENTERPRISES, | § | CIVIL ACTION NO. 3:18-CV-0521-B |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Doc Johnson Enterprises' (DJE) Motion to Dismiss, Doc. 8. For the reasons that follow, the Court **DENIES** DJE's motion.

### I.

### BACKGROUND[1]

This is a breach of contract case. On August 8, 2017, Plaintiff Snelling Employment LLC (Snelling) and DJE entered into an agreement whereby Snelling would "furnish [DJE] with Field Employees and [DJE] agreed to pay Snelling the contract rates for each such individual."Doc. 1, Compl., ¶ 8. Snelling is headquartered in Dallas, Texas but it provided field employees to DJE in California. *Id.* ¶¶ 1–2, 9. Snelling contends that while it has "furnished . . . [the] Employees . . . and . . . promptly presented [DJE] with invoices for these services, [DJE] has refused to make payment to Snelling as required by the contract." *Id.* ¶ 10.

---

[1]This factual history is drawn from the parties' pleadings and the parties' briefing on DJE's motion. Any disputed fact is noted as the contention of a particular party.

So Snelling filed suit for breach of contract. *See* Doc. 1, Compl. On April 24 2018, DJE filed a motion to dismiss for improper venue or, in the alternative, to transfer venue, Doc. 8. DJE's motion is ripe for review.

## II.

## LEGAL STANDARDS

A.  *Rule 12(b)(3) Improper Venue*

A defendant may move to dismiss or transfer a case for improper venue under Federal Rule of Civil Procedure 12(b)(3). Once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper. *Wolf Network, LLC, v. AML Diagnostics, Inc.*, No. 3:15-cv-3797-B, 2016 WL 1357742, at *1 (N.D. Tex. Apr. 5, 2016).[2] 28 U.S.C. § 1391 sets out three categories of proper venue

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). "When venue is challenged, the court must determine whether the case falls within one of the[se] three categories." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 56(2013). In making this decision, the court must accept as true all of Plaintiff's factual allegations "and resolve all factual conflicts in Plaintiff's favor." *Nuttall*, 984 F.

---

[2] Although some courts in this circuit have held that the burden for establishing venue lies with the defendant, *see e.g.*, *Holdridge v. TricorBraun, Inc.*, No. 3:13-cv-1202-L, 2013 WL 3213318, at *3 (N.D. Tex. June 26, 3013), other courts, including this one, have consistently held that the plaintiff bears the burden, *see Nuttall v. Juarez*, 894 F. Supp. 2d 637, 642 n. 3 (N.D. Tex. 2013); *Inst. for Creation Research Graduate Sch. v. Paredes*, No. 3:09-cv-0693-B, 2009 WL 4333366, at *2 (N.D. Tex. Dec. 1, 2009).

Supp. 2d at 642. "[T]he court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). If the plaintiff's choice of forum falls within one of the above categories, then venue is proper. But if it does not, then "venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine*, 571 U.S. at 56.

B.     *28 U.S.C. § 1404 Transfer*

Even when venue is proper, a district court may transfer a civil action to another district or division if the plaintiff could have brought that action there originally and the transfer would be for "the convenience of parties and witnesses, and in the interest of justice . . . ." 28 U.S.C. § 1404(a). The movant bears the burden of proving both elements. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, No. 3:07-CV-1291-B, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007).

A plaintiff could have brought an action in a district or division initially if, at the time he filed the action, (i) either he or defendant resided in that district or division and (ii) both resided within the state. 28 U.S.C. § 1391(b)(1).

To demonstrate that transfer would be for "the convenience of parties and witnesses, and in the interest of justice," a movant must show good cause. *In re Volkswagen*, 545 F.3d at 315. To determine whether a movant has shown good cause, courts examine a number of private and public factors. *Id*. "The private-interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).

"The public-interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* No one factor is dispositive, although the most significant factor is the cost of attendance to witnesses. *Davis v. City of Fort Worth*, No. 3:14-CV-1698-D, 2014 WL 2915881, at *3 (N.D. Tex. June 25, 2014). In total, however, the balance of these factors must clearly weigh in favor of transferring to the new venue. *In re Volkswagen*, 545 F.3d at 315. "[If] the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, No. 3:07-CV-1689-O, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008); *see also In re Volkswagen*, 545 F.3d at 315.

Public and private factors aside, a court must also consider how much weight to assign a plaintiff's choice of forum. *Davis*, 2014 WL 2915881, at *2. That amount changes depending on whether a plaintiff has filed suit within its home forum. *Id.* "A plaintiff's choice is normally entitled to deference" when it files suit within its home forum. *Id.*

## III.

## ANALYSIS

A.   *Rule 12(b)(3) Improper Venue*

In its complaint, Snelling claimed that venue was proper in the Northern District of Texas because "a substantial part of the events giving rise to [its] claims occurred" in this district, Doc. 1, Compl., ¶ 5, thus making venue proper under § 1391(b)(2).[3] DJE argues that none of the substantial

---

[3] The parties do not argue that venue is proper under either § 1391(b)(1) or (b)(3).

parts of the events leading to this suit took place in this district because "the agreement between the parties was executed in California, performance took place in California, and the alleged breach involves payment owed for work performed in California." Doc. 9, Br. in Supp. of Mot. to Dismiss, 5 (hereafter "Br. in Supp."). Snelling claims that it performed its duties under the agreement in this district by paying the employees it furnished to DJE, remitting payroll taxes, and invoicing DJE from Dallas, and that the breach occurred in this district because DJE was obligated to send payment to Snelling at its Dallas headquarters. Doc. 11, Resp., 7; *id.*, Quezada Decl., ¶¶ 13–15. Snelling also claims that the agreement was negotiated in this district. *Id.*; *id.* ¶¶ 9–10. DJE contends that Snelling's performance in this district was ancillary to the underlying reason for the agreement and that the substantial part of Snelling's performance under the agreement—"locating, interviewing, documenting, and hiring of workers"—took place in California. Doc. 12, Reply, 4.

"[V]enue is proper in [a] district [where a substantial part of the events took place] . . . even if there are other venues where more, or even the most, substantial activities took place . . . ." *Flu Shots of Tex., Ltd. v. Lopez*, No. 3:13-CV-144-O, 2013 WL 2449175, at *2 (N.D. Tex. June 5, 2013). To determine where a substantial part of the events in a breach-of-contract case took place, courts consider where the contract was negotiated, performed, and breached. *Wolf Network, LLC*, 2016 WL 1357742, at *2.

The Court finds that venue is proper in this district. First, the contract was negotiated in Dallas. *See* Doc. 11, Resp., 7; *id.*, Quezada Decl., 9–10 (alleging that "negotiations took the form of telephone and email communications originating from Snelling's corporate office in Dallas"). Although DJE claims the agreement was negotiated in California, Doc. 12, Reply, 4, the Court must resolve all factual conflicts in Snelling's favor. *Nuttall*, 984 F. Supp. 2d at 642. Second, Snelling

claims it at least partially performed the contract in Dallas. Doc. 11, Resp., 7; *id*., Quezada Decl., ¶¶ 13–15. DJE claims these actions are ancillary to performance of the contract, but courts have found similar actions sufficient to render venue proper where they were performed. *See e.g., Flu Shots of Tex., Ltd.*, 2013 WL 2449175, at *3 (finding venue proper in the Northern District of Texas when "Plaintiff, who is located in the Dallas/Fort Worth area, paid for all of Defendants' supplies . . . and sent invoices to Defendants from the Dallas area"). DJE provides the Court with no caselaw to contradict this finding.

The Court declines to decide whether the breach occurred in Dallas. The cases Snelling cites for the proposition that breach occurs where payment was to be sent support its position. *See Am. Gen. Life Ins. Co v. Rasche*, 273 F.R.D. 391, 396–97 (S.D. Tex. 2011) (finding that a substantial part of the plaintiff's breach of contract claim occurred in Houston where the plaintiff claimed defendant was required but failed to send payment); *TruServ v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998) (holding that venue was proper in Illinois because the defendant was required to pay the plaintiff there). But other cases contradict its position and instead hold that breach occurs where the payment decision was made. *See Wolf Network, LLC*, 2016 WL 1357742, at *3 (finding that the place of breach was where the defendant refused to pay the plaintiff); *Holdridge*, 2013 WL 3213318, at *5 (finding venue improper in the Northern District of Texas where the plaintiff received payments because the decisions regarding payment were made at the defendant's offices in the Eastern District of Texas); *see also Sysinformation, Inc. v. Prof'l Healthcare Billing Servs.*, A-09-CA-619-SS, 2009 WL 4640272, at *4 (W.D. Tex. Nov. 30, 2009) (finding that although "SysInformation could argue the failure of PHBS to send payment into Texas was the omission giving rise to this claim . . . mere mailing of payments is not sufficient to establish . . . proper venue").

But the Court need not decide where breach occurred in this case because negotiation and at least partial performance occurred in this district, making venue proper here. *See Wolf Network*, 2016 WL 1357742, at *3 (finding venue proper in Florida where two out of three factors favored venue in Florida). So because venue is proper in this district, the Court **DENIES** DJE's 12(b)(3) motion to dismiss.

B.  *28 U.S.C. § 1404 Transfer*

Alternatively, DJE argues the Central District of California is a more convenient forum for the resolution of this dispute and moves the Court to transfer the case to that district. *See* Doc. 8, Def.'s Mot. Dismiss 3. First, the Court will determine whether Snelling could have filed suit in the Central District of California and will then undertake the private/public factor analysis to determine whether DJE has established good cause for transfer.

    1.    <u>Could Snelling Have Filed Suit In California?</u>

Snelling could have filed suit in the Central District of California because venue is proper there under § 1391(b)(1). DJE has its principal place of business there and is therefore a resident of that district and subject to general personal jurisdiction. *See* 28 U.S.C. § 1391(b)(1), (c)(2); *Daimler AG v. Bauman*, 571 U.S. 117, 120 (2014); *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). But Snelling chose to file suit in the Northern District of Texas instead, and because that district is Snelling's home forum, Snelling's choice is entitled to deference. *Davis*, 2014 WL 2915881, at *1.

2. <u>The Private Interest Factors</u>

*i.    Relative ease of access to sources of proof*

DJE claims that "[a]ll of the records and documents (other than Plaintiff's own records) are located in California." Doc. 9, Br. in Supp., 11. Specifically, it claims that records of non-party Fairway Staffing, with whom Snelling allegedly had a sub-contractor relationship, are located in California and will be relevant to DJE's defense. Doc. 12, Reply, 6. These allegations are insufficient to persuade the Court that this factor weighs in favor of transfer. Most documents are produced in electronic format, which diminishes the importance of this factor. *Acumen Enters., Inc. v. Morgan*, No. 3:11-cv-619-L, 2011 WL 5822252, at *6 (N.D. Tex. Nov. 15, 2011). And even if DJE's proposed sources of proof are not stored electronically, it has not "presented evidence . . . to demonstrate that the records are so voluminous that their production would be unduly burdensome, expensive, or inconvenient." *Id.*

*ii.    Availability of compulsory process to secure witnesses*

DJE argues that several Snelling employees and Fairway Staffing employees are potential witnesses located in California who are not subject to this Court's subpoena power. Doc. 9, Br. in Supp., 10. Snelling contends that its potential witnesses, its former vice president of sales and operations and its former chief financial officer, are located in Dallas and not subject to the California court's subpoena power. Doc. 11, Resp., 11. Thus, neither forum would have complete subpoena power over all witnesses and "granting [the] motion would [only] serve to transfer the inconvenience from Defendants' witnesses to Plaintiff's witnesses." *Yoo v. Im*, No. 4:17-CV-00446, 2018 WL 549957, at *8 (E.D. Tex. Jan. 24, 2018). "That is insufficient to shift this factor in favor of the transferee venue." *Id.* Thus, this factor is neutral.

### iii. Cost of attendance for witnesses

DJE argues that it will be significantly more expensive for it to "send a plane full of [its] witnesses to testify in Texas" than it would be for Snelling's corporate witnesses to travel to California. Doc. 9, Br. in Supp., 11. But "the party seeking transfer must specify clearly the key witnesses to be called and their location and must make a general statement of what their testimony will cover." *Magana v. Toyota Motor Corp.*, No. 3:10-cv-1451-B, 2010 WL 5108850, at *2 (N.D. Tex. Dec. 6, 2010) (internal alternations omitted). DJE claims its key witnesses are Fairway Staffing employees but does not provide "the name, address, or proposed testimony" of any Fairway Staffing employee. *See id.* Thus, this factor does not weigh in favor of transfer.

### iv. All other practical problems

DJE claims that its arguments regarding the location of records and potential witnesses indicate that transfer of the case will make trial "easy, expeditious, and inexpensive." Doc. 12, Reply, 7. But the Court found that the neither the location of records nor potential witnesses weighed in favor of transfer and DJE has not identified any additional practical problems. Thus, this factor does not weigh in favor of transfer.

### 3. The Public Interest Factors

The parties agree that because New York law applies to this case, both forums have equal familiarity with governing law and there are no conflict-of-law issues. Doc. 11, Resp., 15; Doc. 12, Reply, 8. Thus, those public-interest factors are neutral and the parties dispute only the "administrative difficulties" and "local interest" factors.

*i.     Administrative Difficulties*

DJE claims this factor favors transfer because cases are resolved more quickly in the Central District of California than the Northern District of Texas. Doc. 9, Br. in Supp., 11–12. The most recent statistics obtained by this Court show the median time from filing to trial was 22.7 months in the Northern District of Texas and 19.2 in the Central District of California; the median time from filing to disposition is 6.7 months and 5 months, respectively.[4] Because the resolution speeds in both districts are similar, this factor is neutral. *See, e.g.*, *Smith v. Real Page, Inc.*, No. 4:18-cv-00025, 2018 WL 3105758, at *7 (E.D. Tex. June 25, 2018) (holding a 7.8 month difference as similar); *Yoo*, 2018 WL 549957, at *6 (holding a 4.1 month difference as similar).

*ii.     Local interest*

DJE argues the local interest lies in the Central District of California because it is the "location of the operative facts and the parties involved," Doc. 9, Br. in Supp., 12, and because California has an interest in interpretation of its worker's compensation statute, which DJE asserts is central to its defense. Doc. 12, Reply, 8. Snelling contends that this district has a localized interest because Snelling is headquartered here and "operative facts of this lawsuit bear a substantial connection to this District." Doc. 11, Resp., 15.

The local interest "factor generally favors the venue where the acts giving rise to the lawsuit occurred." *Metromedia Steakhouses Co. v. BMJ Foods P.R., Inc.*, No. 3:07-CV-2024-D, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008). The Court has already determined that at least some of the events giving rise to this suit occurred in Dallas. Thus, even if other acts giving rise to this suit

---

[4]*See* Federal Courts Management Statistics, http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2018.pdf, accessed July 6, 2018.

occurred in California, this factor would be no more than neutral and would not weigh in favor of transfer.

## IV.

## CONCLUSION

For the reasons stated above, DJE's motion to dismiss, Doc. 8, is **DENIED**.

**SO ORDERED.**

**SIGNED: August 2, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE